IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

2019 MAR 26  PM 4: 07

CHANGHAE PARK and
JENNIFER WUAMETT,

§
§
§
§
§
§
§
§
§
§
§
§

**A19MC0353LY**

Plaintiffs,

Misc case No. _____

vs.

INTEL CORPORATION,

Subpoenas from case No. 1:18-cv-966-CFC
(D. Del.)

Defendant

## MOTION OF CHANGHAE PARK AND JENNIFER WUAMETT TO QUASH AND/OR LIMIT SUBPOENAS AD TESTIFICANDUM

Pursuant to Fed. R. Civ. P. 45 and 26, non-parties Changhae Park and Jennifer Wuamett,

by and through their attorneys hereby move for an order quashing the subpoenas *ad*

*testificandum* of Intel Corporation's ("Intel") attached hereto as Exhibits "A" and "B"

(hereinafter "Subpoenas") to the Declaration of Robert Levent Herguner (hereinafter "Her.

Decl.") accompanying this motion.  For the reasons set forth below, these non-parties

respectfully request that the Subpoenas be quashed; or in the alternative, that Intel first conduct

other, related depositions and then (i) confer about the need for and/or scope of the requested

depositions, and to the extent the parties cannot agree, (ii) inform the Court of any remaining

basis for dispute.

### I.    FACTUAL BACKGROUND

This matter arises out of certain multi-district patent litigation between VLSI

Technology, LLC ("VLSI") and Intel.  VLSI brought suit in the Northern District of California

(Case No. 5:17-cv-05671) and the District of Delaware (Case No. 1:18-cv-0966).  The patents

which form the basis of each of these suits were purchased from NXP B.V. and NXP USA, Inc.

("NXP") and SigmaTel LLC (collectively "Sellers"). Intel has sought discovery from NXP through, *inter alia*, various subpoenas issuing from the Northern District of California and the District of Delaware. NXP has sought appropriate limits on such discovery, including assertions of privilege. Intel has challenged NXP's privilege assertions, including bringing a motion to compel in this District. *See, Intel Corporation v. NXP USA, Inc.*, 1:18-mc-0766-RP. In that matter, NXP has made some limited production of documents and certain amendments to NXP's privilege log.[1] Moreover, the underlying patent infringement action in the Northern District of California has been stayed. *See* Dkt. #261.

Through third party discovery, Intel has sought information concerning the transaction between the Sellers (including NXP) and VLSI. NXP has produced the executed agreements between the Sellers and VLSI finalizing the terms of the sale of the patents. Those agreements, including the Patent Purchase and Cooperation Agreement dated June 30, 2016 and Amendment No. 1 to Patent Purchase and Cooperation Agreement dated December 4, 2017 (hereinafter "PPCA"), recite all the applicable terms and conditions of the transaction between VLSI and the Sellers (including NXP).

Intel now seeks, through multiple subpoenas *ad testificandum*, further discovery concerning the transaction with VLSI. On March 12, 2019, Intel served subpoenas on Mr. Lee Chastain, Mr. Changhae Park, and Ms. Jennifer Wuamett. *See* Her. Decl., Exhs. C, A, and B (respectively). Mr. Chastain, Mr. Park and Ms. Wuamett are all employees of NXP. Mr. Chastain is an in-house lawyer for NXP. *See* Her. Decl., Exh. G. He is the attorney who had day-to-day responsibilities for the VLSI transaction. Mr. Park is the Senior Vice President and Chief IP Officer of NXP. *See* Her. Decl., Exh. E. Mr. Chastain reports to Mr. Park. Ms.

---

[1] Intel's motion to compel in this District was transferred to the Northern District of California, Case No. 5:18-cv-80193-mc, where it is pending.

Wuamett is the Executive Vice President, General Counsel and Corporate Secretary of NXP. *See* Her. Decl., Exh. F.  Both Mr. Park and Mr. Chastain report to Ms. Wuamett.

On March 20, 2019, in addition to the individual subpoenas, Intel served NXP with a subpoena *ad testificandum* seeking testimony on the very topics for which they seek testimony from Mr. Chastain, Mr. Park and Ms. Wuamett individually.  *See* Her. Decl., Exh. D.  Moreover, prior to Intel's serving of its latest subpoena on NXP, counsel for NXP offered to make Mr. Chastain available to testify on the VLSI transaction concerning the PPCA agreements in return for withdrawing the subpoenas to Mr. Park and Ms. Wuamett.  Intel declined NXP's offer.[2]  Mr. Park and Ms. Wuamett now bring this motion to quash or limit Intel's subpoenas as to them.

## II.   ARGUMENT

### a.   Legal Standard

Fed.R.Civ.P. 45(d)(3)(A)(iv) recites that "(A) . . . the court for the district where compliance is required must quash or modify a subpoena that . . . (iv) subjects a person to undue burden."  In determining undue burden on a non-party, the court must consider the benefits and burdens of the subpoena, including "whether the information is necessary and unavailable from any other source." *Lee v. Zuffa*, LLC, Civil Action No. 3:17-MC-0027-K, at *3 (N.D. Tex. July 27, 2017).(*citing*, *Positive Black Talk, Inc. v. Cash Money Records Inc.*, 394 F.3d 357, 377 (5th Cir. 2004)).[3]

For a subpoena *ad testificandum*, courts consider factors applicable to testimony, such as: "(1) the relevancy of the proposed testimony; (2) the need for the testimony; (3) the breadth of

---

[2] Intel declined NXP's offer again on March 25, 2019.

[3] Under Federal Rule of Civil Procedure 26(c), the Court may issue, for good cause, an order to protect a person from annoyance, embarrassment, oppression, undue burden or expense. See Fed. R. Civ. P. 26(c)(1).

the subpoena; (4) availability of the testimony by other means; (5) burden on the subpoenaed party in obeying the subpoena." *E.A. Renfroe & Co. v. Moran*, No. 2:06-CV-1752-WMA, 2007 WL 4276906, at *2 (N.D. Miss. Dec. 3, 2007). "Whether a subpoena imposes an undue burden is a question of reasonableness determined by balancing the benefits and burdens of the deposition and whether the information is obtainable from an alternative source." *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, 263 F.R.D. 395, 399 (W.D. Tex. 2009) (citing *Positive Black Talk, Inc.*, 394 F.3d at 377).

The protections of Rule 45 are applicable to high-level executives, referred to as "apex" executives. Non-party status of an apex executive increases the burden on that executive. An "apex" deposition occurs "[w]hen a party seeks to depose a corporate president or other high level corporate official." *Crown Central Petroleum Corp. v. Garcia*, 904 S.W.2d 125, 128 (Tex. 1995). The Court of Appeals for the Fifth Circuit has recognized the need for *first* utilizing less-intrusive means before taking such a deposition, by way of deposing lesser-ranking employees. *Gaedeke Holdings*, 2015 WL 3539658, at *3 (citing *Salter v. Upjohn Co.*, 593 F.2d 649 (5th Cir. 1979)).

Several courts, including the District Court for the Western District of Texas, have held that the deposition of an apex executive who possesses ***no unique*** information is unduly burdensome. *See, e.g., Sanchez v. Swift Transp. Co. of Ariz., L.L.C.*, No. PE: 15-CV-15, 2016 U.S. Dist. LEXIS 193905, at *2 (W.D. Tex. Apr. 22, 2016) (precluding deposition of apex executives as duplicative of corporate deposition); *Lee v. Zuffa, LLC*, No. 3:17-mc-00027-K, Dkt. #20, at *3 (N.D. Tex. July 17, 2017) (requiring deposition of other lower level executives before determination of whether to depose apex executive); *Schmidt v. Goodyear Tire & Rubber Co.*, No. 2:01cv272 HWM, 2003 U.S. Dist. LEXIS 28130, at *3-4 (E.D. Tex. Jan. 3, 2003)

(same).  In particular, this Court has held that it "would be oppressive, inconvenient, and burdensome" to depose an apex executive where the topics are "unreasonably *duplicative and cumulative*."  *See Sanchez*, 2016 U.S. Dist. LEXIS 193905, at *8.

     **b.**     **Mr. Park's Deposition Should Be Quashed As An Undue Burden**

     This Court should quash Intel's subpoena *ad testificandum* to non-party Mr. Park because any knowledge concerning the facts and circumstances of the PPCA transaction with VLSI can, and should, be addressed to Mr. Chastain.  It was Mr. Chastain who had day-to-day responsibility for ascertaining and communicating information concerning the VLSI transaction to Mr. Park.  Moreover, Intel has already served a subpoena on NXP – the employer of Mr. Chastain, Mr. Park and Ms. Wuamett.  This subpoena requires NXP to prepare its designated deponent on the very topics about which Intel proposes to depose Mr. Park (and Ms. Wuamett).  NXP has already informed Intel that Mr. Chastain will be its designated deponent.  Even if Mr. Chastain did not have certain knowledge *before* being prepared to testify on behalf of NXP, he would have it *after* such preparation.[4]  In these circumstances, Mr. Park has *no unique* knowledge relating to the issues in the case that cannot be addressed by Mr. Chastain.[5]  Accordingly, deposing apex executive Mr. Park would be oppressive, inconvenient, and burdensome because any information he would have would be unreasonably duplicative of the

---

[4] Even were Intel to oppose this motion by identifying topics about which they contend Mr. Park and Ms. Wuamett have unique information, such identified information would be made available to Mr. Chastain.

[5] In the unlikely event some information was identified in a deposition of Mr. Chastain, about which Mr. Park may have relevant testimony, then a properly limited deposition to that identified information may be appropriate.  However, such an identification cannot be made until Mr. Chastain has been deposed.  In the meantime, it is a wholly undue burden to subject an apex executive such as Mr. Park to a deposition which is largely (if not completely) duplicative.

testimony of Mr. Chastain.  Intel's subpoena should be quashed or limited such that allowable subject matter – if any – shall not be duplicative of the testimony of Mr. Chastain.

### c.    Deposing NXP's General Counsel Is A Further Undue Burden

This Court should also quash Intel's subpoena *ad testificandum* to non-party Ms. Wuamett because, as explained with respect to Mr. Park, she is an apex executive and there is no information concerning the PPCA transaction with VLSI that cannot be addressed by Mr. Chastain.  Moreover, she is NXP's General Counsel – the lawyer to the corporation.  Advice she provided to NXP concerning the PPCA is privileged.  Even if Ms. Wuamett had unique knowledge of the VLSI transaction (or other matters), her advice to NXP based on such knowledge is privileged.   Clearly, Ms. Wuamett has even less discoverable information than Mr. Park – and deposing her would impose even more of an undue burden.  Accordingly, Intel's subpoena to Ms. Wuamett should also be quashed or limited such that the allowable deposition subject matter – if any – shall not be duplicative of the testimony of Mr. Chastain.[6]

### III.    CONCLUSION

Intel's individual subpoenas to Mr. Park and Ms. Wuamett constitute an undue burden under Fed.R.Civ.P. 45(d)(3)(A)(iv) and 26(c)(1).  Non-parties Mr. Park and Ms. Wuamett are apex executives whose depositions would be unreasonably (if not completely) duplicative of the testimony of Mr. Chastain.  In these circumstances, the Court should (1) grant the motion to quash the individual depositions of Mr. Park and Ms. Chastain, or in the alternative, (2) limit

---

[6] Again, as explained above with respect to Mr. Park, in the unlikely event some non-privileged information was identified in a deposition of Mr. Chastain about which Ms. Wuamett may have relevant testimony, then a properly limited deposition to that identified information may be appropriate.  However, such an identification cannot be made until Mr. Chastain has been deposed.  In the meantime, it is a wholly undue burden to subject an apex executive such as Ms. Wuamett to a deposition which is largely (if not completely) duplicative.

them such that the allowable subject matter shall not be duplicative of the testimony of Mr. Chastain.[7]

Respectfully submitted,

/s/ *Blaney Harper*
Blaney Harper

JONES DAY
51 Louisiana Avenue, NW
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

ATTORNEYS FOR NON-PARTIES
CHANGHAE PARK AND JENNIFER
WUAMETT

---

[7] Counsel for Mr. Park and Ms. Wuamett certifies that he conferred in good faith with counsel for Intel on March 25, concerning this motion in an attempt to resolve it.  Counsel for Intel declined to withdraw the subpoenas notwithstanding being advised of the grounds for this motion.

## CERTIFICATE OF SERVICE

The undersigned certifies that, on this 26th day of March, 2019, the foregoing MOTION OF CHANGAE PARK AND JENNIFER WUAMETT TO QUASH AND/OR LIMIT SUBPOENAS AD TESTIFICANDUM, including the supporting Declaration of Robert L. Herguner, was served by email on the following:

Amanda Major
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
Telephone: (202) 663-6000
Email: amanda.major@wilmerhale.com

Kevin Goldman
60 State Street
Boston, MA 02109 USA
+1 617 526 6442 (t)
+1 617 526 5000 (f)
kevin.goldman@wilmerhale.com
*Attorneys for Defendant*
*Intel Corporation*

/s/ *Blaney Harper*
Blaney Harper